(826 P.2d 925)

No. 66,582

STATE OF KANSAS, *Appellee*, v. KELLY JOE CLARK, *Appellant*.

Opinion filed February 14, 1992.

*Thomas Jacquinot*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*David B. Debenham*, assistant district attorney, *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GERNON, P.J., ELLIOTT, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J. Retired: Kelly Joe Clark (defendant/appellant) appeals his conviction on one count of knowingly and intentionally receiving unauthorized consideration in connection with an adoption in violation of K.S.A. 1991 Supp. 59-2121, a class E felony.

The facts in this case were stipulated to by the parties and are undisputed. The defendant received a cash payment of $5,000 as consideration for his consent to the adoption of his baby girl. Defendant admitted that he wanted the money to cover some old bills, including some bad checks, traffic fines, and a phone bill, and to buy a car. Defendant admitted that the money was not to be used to pay any bill or expense incidental to the birth of the child or adoption proceedings.

The controlling statute is K.S.A. 1991 Supp. 59-2121, which provides as follows:

"(a) Except as otherwise authorized by law, no person shall request, receive, give or offer to give any consideration in connection with an adoption, or a placement for adoption, other than:

(1) Reasonable fees for legal and other professional services rendered in connection with the placement or adoption not to exceed customary fees for similar services by professionals of equivalent experience and reputation where the services are performed, except that fees for legal and other

professional services as provided in this section performed outside the state shall not exceed customary fees for similar services when performed in the state of Kansas;

(2) reasonable fees in the state of Kansas of a licensed child-placing agency;

(3) actual and necessary expenses, based on expenses in the state of Kansas, incident to placement or to the adoption proceeding;

(4) actual medical expenses of the mother attributable to pregnancy and birth;

(5) actual medical expenses of the child; and

(6) reasonable living expenses of the mother which are incurred during or as a result of the pregnancy.

(b) In an action for adoption, a detailed accounting of all consideration given, or to be given, and all disbursements made, or to be made, in connection with the adoption and the placement for adoption shall accompany the petition for adoption. Upon review of the accounting, the court shall disapprove any such consideration which the court determines to be unreasonable or in violation of this section and, to the extent necessary to comply with the provisions of this section, shall order reimbursement of any consideration already given in violation of this section.

(c) Knowingly and intentionally receiving or accepting clearly excessive fees or expenses in violation of subsection (a) shall be a class E felony. Knowingly failing to list all consideration or disbursements as required by subsection (b) shall be a class B misdemeanor."

Defendant first contends that the evidence was not sufficient to support the trial court's finding that the defendant was guilty of the crime of receiving unauthorized consideration in connection with an adoption for the reason that the State failed to prove that he failed to report all consideration received or that he failed to return any unauthorized payment following a judicial determination that the consideration was unauthorized.

We find no merit to this contention. We agree with the State that 59-2121(a) and (b) create separate crimes and that failure to report or reimburse any consideration given or received is not an element of the crime of intentionally and knowingly receiving or accepting clearly excessive fees or expenses in connection with an adoption under subsection (a).

Defendant's second point on appeal is that the district court erred in denying defendant's motion to dismiss on the ground that K.S.A. 1991 Supp. 59-2121 is unconstitutionally vague. Defendant points out that 59-2121(c) outlaws the receipt of unauthorized consideration in connection with an adoption only when the consideration is "clearly excessive." He argues that the

"clearly excessive" standard is unconstitutionally vague and, therefore, is a violation of due process of law as guaranteed by the Fourteenth Amendment and state law.

We find this contention to be without merit. K.S.A. 1991 Supp. 59-2121(c) makes it unlawful to intentionally and knowingly receive or accept clearly excessive fees or expenses "in violation of subsection (a)." Subsection (a) makes all receipt of consideration in connection with an adoption or placement for adoption illegal with six exceptions.

It is clear that it was the legislative intent that all fees, expenses, or other consideration received not meeting one of the six exceptions provided are "clearly excessive" and a violation of 59-2121(c) where the excessive fees or expenses are received or accepted *knowingly* or *intentionally*.

Where the defendant requests or receives compensation for "fees or expenses" which falls within one of the six exceptions, the defendant may still be guilty of violating the statute where the amount requested or received is not reasonable, actual, or necessary and the defendant acts knowingly and intentionally.

The class B misdemeanor which arises when a defendant knowingly fails to list all consideration or disbursements in an accounting as required by subsection (b) is an entirely separate crime.

The statute involved here is not unconstitutionally vague. It gives fair warning to those persons potentially subject to it and adequately guards against arbitrary and discriminatory enforcement. *State ex rel. Mays v. Ridenhour*, 248 Kan. 919, 943, 811 P.2d 1220 (1991).

In this case, the defendant did not contend that his conduct came within any of the six statutory exceptions. In his statements to the police, defendant clearly acknowledged that the $5,000 he requested and received was not for the purpose of paying any fees or expenses incidental to the birth of the child or the adoption proceedings. He indicated he was aware that his conduct was unlawful. His acts were committed knowingly and intentionally.

We hold that the district court did not err in holding that K.S.A. 1991 Supp. 59-2121 is not unconstitutionally vague.

Affirmed.