Paul J. Morrison Johnson County District Attorney Courthouse, P.O. Box 728 Olathe, Kansas 66051
Dear Mr. Morrison:
You request our opinion concerning whether a surrogate fee is a fee for a professional service pursuant to K.S.A. 59-2121 which addresses fees in adoption proceedings. The surrogate fee in question is compensation to a surrogate mother who agreed to be artificially inseminated by the father, carried the child to term and then relinquished the child to the father's wife in a stepparent adoption proceeding.
K.S.A. 59-2121 states as follows:
 "(a) Except as otherwise authorized by law, no person shall request, receive, give or offer to give any consideration in connection with an adoption, or a placement for adoption, other than:
 "(1) Reasonable fees for legal and other professional services rendered in connection with the placement or adoption not to exceed customary fees for similar services by professionals of equivalent experience and reputation where the services are performed except that fees for legal and other professional services as provided in this section performed outside the state shall not exceed customary fees for similar services when performed in the state of Kansas;
 "(2) reasonable fees in the state of Kansas of a licensed child-placing agency;
 "(3) actual and necessary expenses, based on expenses in the state of Kansas, incident to placement or to the adoption proceeding;
 "(4) actual medical expenses of the mother attributable to pregnancy and birth;
"(5) actual medical expenses of the child; and
 "(6) reasonable living expenses of the mother which are incurred during or as a result of the pregnancy.
 "(b) In an action for adoption, a detailed accounting of all consideration given, or to be given, and all disbursements made, or to be made, in connection with the adoption and the placement for adoption shall accompany the petition for adoption. Upon review of the accounting, the court shall disapprove any such consideration which the court determines to be unreasonable or in violation of this section and, to the extent necessary to comply with the provisions of this section, shall order reimbursement of any consideration already given in violation of this section.
 "(c) Knowingly and intentionally receiving or accepting clearly excessive fees or expenses in violation of subsection (a) shall be a severity level 9, nonperson felony. Knowingly failing to list all consideration or disbursements as required by subsection (b) shall be a class B nonperson misdemeanor." (Emphasis added).
Our understanding is that the surrogate fee in question does not fall within exceptions 2 through 6 of the statute which leaves open the question whether surrogacy is a "professional service" under subsection (a)(1).
The predecessor statute to K.S.A. 59-2121 [K.S.A. 59-2278(c) (repealed L. 1990, ch. 145)] was enacted in 1985 and was similar to the present statute in that it prohibited any consideration in an adoption proceeding except for the 6 exemptions, one of which was for "professional services rendered in connection with the placement or adoption." Both the 1985 statute and the present statute were aimed at controlling exorbitant adoption fees and expanding the court's role in insuring that adoptive parents do not pay more consideration to the biological mother than is permitted by the statute. In the Matter of the Adoption of J.A.G.,254 Kan. 780 (1994). The current statute criminalizes the receipt of any consideration not meeting one of the six exceptions and, even if one of the exceptions applies, receipt of such consideration is prohibited if the amount is unreasonable. State v. Clark, 16 Kan. App. 2d 552 (1992).
Unfortunately, there is no legislative history on the issue of what is a professional service. Attorneys in the adoption field have indicated that fees for professional services usually involve mental health care providers and social workers who counsel the birth mother and perform the home study.
Generally, a professional service is one that arises out of a vocation, calling, occupation or employment involving specialized knowledge, labor or skill and the labor or skill is predominantly mental or intellectual rather than physical or manual. In determining whether a particular act is of a professional nature or a professional service, courts generally look not to the title or character of the party performing the act but to the act itself. Curtis Ambulance of Florida,Inc. v. Board of County Commissioners of Shawnee County, 811 F.2d 1371,1379 (10th Cir. 1987). Surrogate motherhood does not fit comfortably into this definition and, coupled with the statute's requirement that the fee be similar to what other "professionals of equivalent experience and reputation" charge, the fit becomes even more tenuous. Consequently, it is our opinion that bearing a child for someone else is not the type of professional service contemplated by K.S.A. 59-2121.
We note that the statute does allow a fee for the reasonable living expenses of the birth mother during the pregnancy but an additional service fee for bearing a child for another is not within the purview of this statute.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm